THOMAS P. JOHNSON (Admitted Pro Hac)
tom.johnson@dgslaw.com
JANETTE L. FERGUSON (Admitted Pro Hac)
janette.ferguson@dgslaw.com
KIMBERLY SPIERING (Admitted Pro Hac)
kimberly.spiering@dgslaw.com
**DAVIS GRAHAM & STUBBS LLP**
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
dbrenner@lrlaw.com
LINDSAY DEMAREE, ESQ.
Nevada Bar No. 11949
ldemaree@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)
*Attorneys for Defendant Farmers Insurance Exchange*

Jesse M. Sbaih
jsbaih@sbaihlaw.com
Ines Olevic-Saleh
iolevic@sbaihlaw.com
**JESSE SBAIH & ASSOCIATES**
The District at Green Valley Ranch
170 South Green Valley Ranch Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff Nayanananda Ratnayake*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAYANANANDA RATNAYAKE,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE d/b/a FARMERS; and DOES I-V and ROES VI-X, inclusive,<br><br>Defendants. | Case No.: 2:11-cv-01668-KJD-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |

1  The Court being advised of the agreement of the parties to the entry of this Stipulated
2  Protective Order, IT IS HEREBY ORDERED THAT:
3      1.    This Stipulated Protective Order shall apply to all documents, materials, and
4  information including without limitation, documents produced, answers to interrogatories,
5  responses to requests for admission, deposition testimony, and other information disclosed
6  pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.
7      2.    As used in this Stipulated Protective Order, "document" is defined as provided in
8  Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of
9  this term.
10     3.    Information designated confidential ("CONFIDENTIAL") shall be information,
11 including but not limited to documents and deposition testimony, designated as such by counsel
12 for the party or non-party producing it (the "Designating Party"). A CONFIDENTIAL
13 designation shall be made only upon the Designating Party's good faith belief that the material is
14 protectable under Fed.R.Civ.P. 26(c)(1). Information designated CONFIDENTIAL shall not be
15 disclosed or used for any purpose except the preparation and trial of this case.
16     4.    CONFIDENTIAL documents, materials, and/or information (collectively
17 "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or
18 further Order of the Court, be disclosed *except that* such information may be disclosed to:
19         a.    attorneys actively working on this case;
20         b.    persons regularly employed or associated with the attorneys actively
21             working on the case whose assistance is required by said attorneys in the
22             preparation for trial, at trial, or at other proceedings in this case;
23         c.    the named parties, including representatives of named Defendants;
24         d.    expert witnesses and consultants retained in connection with this proceeding
25             to the extent such disclosure is necessary for preparation, trial or other
26             proceedings in this case;
27         e.    the Court and its employees ("Court Personnel");
28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2586233.1

  f.  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action:

  g.  deponents, witnesses, or potential witnesses to the extent such disclosure is necessary for preparation, deposition, trial or other proceedings in this case; and

  h.  other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgement (attached hereto as <u>Exhibit A</u>) stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on each page of the Document (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. All deposition testimony will be designated initially as CONFIDENTIAL. Such designation shall expire twenty (20) days after the party's receipt of the transcript of the deposition unless counsel for a party designates, in writing, the portions of depositions to be treated as CONFIDENTIAL.

8. In the event any CONFIDENTIAL INFORMATION is used in any court proceeding herein, including depositions subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, or is disclosed to individuals identified in Paragraph No. 4, above, such information shall not lose its CONFIDENTIAL status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such information during its use.

9. A request to file materials subject to this Stipulated Protective Order under seal shall comply with any applicable local rules. Attorneys for the party filing CONFIDENTIAL INFORMATION shall, consistent with these rules, notify the Clerk of the Court that such files are subject to this Stipulated Protective Order and are to be kept under seal. Should the filing attorneys fail to advise the Clerk, attorneys for any party may do so.

10. A party may, through counsel, object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If counsel for the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of counsel for the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. Such motion shall be filed within thirty days of receipt of the written notice to the designation of CONFIDENTIAL INFORMATION. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If counsel for the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL, through counsel, shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Nothing herein shall prevent any party or third-party who has received CONFIDENTIAL INFORMATION pursuant to this Agreement from producing such CONFIDENTIAL INFORMATION in response to a lawful subpoena or other compulsory process, provided that any party or third-party receiving such subpoena or process shall as soon as reasonably practical give notice thereof to the Designating Party by telephone and facsimile and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order. In the event

1  that production of such CONFIDENTIAL INFORMATION is made notwithstanding such prompt
2  application for a protective order, it shall continue to be treated as CONFIDENTIAL
3  INFORMATION by all persons subject to this Stipulated Protective Order unless and until this
4  Court shall otherwise direct.

5      12.    Within 60 days after the conclusion of this case, unless other arrangements are
6  agreed upon, each document or other materials or information and all copies thereof which have
7  been designated as CONFIDENTIAL shall be returned to the Designating Party or the parties may
8  elect to destroy CONFIDENTIAL INFORMATION, except that counsel may retain one copy of
9  such CONFIDENTIAL INFORMATION to maintain a complete file.  Where the parties agree to
10 destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an
11 affidavit confirming the destruction.  Any retained CONFIDENTIAL INFORMATION shall
12 remain subject to the terms and conditions of this Stipulated Protective Order, and shall not be
13 disclosed or used, without the consent of the Designating Party producing such documents or
14 further Order of the Court, except as described herein.  This Stipulated Protective Order will
15 remain in effect after the completion of the case.

16     13.    The inadvertent production of any CONFIDENTIAL INFORMATION by a party
17 or non-party, without a designation as provided herein, shall be without prejudice to any later
18 claim that it is CONFIDENTIAL INFORMATION, and no party shall be held to have waived the
19 future assertion of any rights by such inadvertent production.  The inadvertent production of any
20 document, material, or other information, not intended to be produced (*e.g.* due to a claim of
21 attorney-client privilege, work product protection, or otherwise) shall be without prejudice to any
22 later claim that it should be withheld from production on the basis of privilege, or otherwise, and
23 no party shall be held to have waived future assertion of any rights by such inadvertent production.

24     14.    Nothing in this Stipulated Protective Order shall prejudice the right of any party to
25 make any use of or disclose to any person any material it has designated as CONFIDENTIAL
26 INFORMATION, without prior court order, or to waive the provisions of this Stipulated
27 Protective Order with respect to any CONFIDENTIAL INFORMATION designated by that party.
28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2586233.1

15. Nothing in this Stipulated Protective Order shall prevent any party from seeking other or different protection for documents or things or information.

16. This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

DATED this 14th day of December, 2011.

JESSE SBAIH & ASSOCIATES

BY: */s/ Jesse M. Sbaih*
JESSE M. SBAIH
Nevada Bar No.
INES OLEVIC-SALEH
Nevada Bar No.
The District at Green Valley Ranch
170 South Green Valley Ranch Parkway,
Suite 280
Henderson, Nevada 89012

*Attorneys for Plaintiff*

LEWIS AND ROCA LLP

BY: */s/ Darren T. Brenner*
DARREN T. BRENNER
Nevada Bar No. 8386
LINDSAY C. DEMAREE
Nevada Bar No. 11949
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DAVIS GRAHAM & STUBBS LLP
THOMAS P. JOHNSON (Admitted Pro Hac)
JANETTE L. FERGUSON (Admitted Pro Hac )
KIMBERLY SPIERING (Admitted Pro Hac)
1550 Seventeenth St., Suite 500
Denver, CO 80202

*Attorneys for Defendant*
*Farmers Insurance Exchange*

**ORDER**

IT IS SO ORDERED.

DATED: this 16th day of December, 2011.

_____
U.S. DISTRICT COURT JUDGE/MAGISTRATE

## EXHIBIT A

I hereby acknowledge that I will be receiving CONFIDENTIAL INFORMATION pursuant to the terms of the Stipulated Protective Order, dated _____, entered in an action in the United States District Court for the District of Nevada, entitled *Nayananda Ratnayake v. Farmers Insurance Exchange*, et. al., Case No. 11-CV-01668-KJD-CWH. I have been given a copy of and have read and understand the Stipulated Protective Order, and I agree to be bound by the terms and conditions of that Order.

_____
Signature Date

_____
Print Name

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

2586233.1