DARREN T. BRENNER
Nevada Bar No. 8386
dbrenner@lr.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

Janette L. Ferguson (pro hace vice)
janette.ferguson@dgslaw.com
Thomas P. Johnson (pro hac vice)
tom.johnson@dgslaw.com
Kimberly C.J. Spiering (pro hac vice)
kimberly.spiering@dgslaw.com
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone:  (303) 892-9400
Facsimile:  (303) 893-1379

*Attorneys for Farmers Insurance Exchange d/b/a Farmers*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAYANANANDA RATNAYAKE, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE d/b/a FARMERS; and DOES I-IV AND ROES VI-X, inclusive,<br><br>Defendant. | Case No. 2:11-cv-01668-KJD-CWH<br><br>**STIPULATED MOTION FOR EXTENSION OF TIME**<br>**(FIRST REQUEST)** |

Farmers Insurance Exchange ("Defendant") and Nayanananda Ratnayake ("Plaintiff") hereby jointly submit their request to extend the dates set in their current scheduling order by 30

2132413.2

days.

## I. Introduction.

This is an insurance class action concerning the alleged mishandling of uninsured and underinsured motorist claims based on the application of anti-stacking provisions contained in the insurance contract issued by Farmers Insurance Exchange. On September 16, 2011, Plaintiff served the class action complaint filed in the District Court for Clark County, Nevada, Case No. A-11-648013-C, on Defendant. The case was removed to the United States District Court for the District of Nevada on October 14, 2011 and Defendant filed an answer on that date. On December 22, 2011, this Court approved the parties' Stipulated Protective Order and Joint Proposed Discovery Plan and Proposed Scheduling Order. The Joint Proposed Discovery Plan and Proposed Scheduling Order contemplates bifurcated discovery – pre-class certification discovery on issues relevant to class certification and class wide liability and thereafter, if necessary, discovery on all other issues related to the merits and damages of the class claims.

## II. Discovery Status.

A. <u>Completed Discovery-Class Certification</u>.

    i. The parties have completed their initial disclosures.

    ii. On February 17, 2012, Plaintiff served his first set of interrogatories, document requests and requests for admission on Defendant. Plaintiff served over 100 requests for production of documents, 44 interrogatories and 25 requests for admission.

    iii. Responding to Plaintifff's discovery was time intensive and required the collection, review and production of a voluminous number of documents. Therefore, Defendant necessarily requested and Plaintiff agreed to extensions of time for Defendant to respond to the

2

discovery. Defendant served its responses to Plaintiff's discovery on April 18, 2012.

    iv. On May 14, 2012, Defendant served its first set of interrogatories, document requests and requests for admission on Plaintiff. These discovery requests are currently pending.

  B. <u>Class Certification Discovery to be Completed</u>.

    i. Defendant intends to take the deposition of Plaintiff and three of Plaintiff's family members, including Gowry Rathnayake, Janaka Kalhara Magallagoda and Shane Rathnayake.  Defendant and Plaintiff have begun discussions regarding scheduling depositions in early July, 2012.

    ii. Plaintiff may serve additional written discovery and take depositions, if necessary.

    iii. The parties will need time to take the deposition of class certification experts.

**III.** **Pending Motions**.

There are no motions pending before the Court.

**IV.** **Reason Why an Extension is Required.**

This case is not set for trial. However, the current Scheduling Order contemplates that briefing on class certification will be completed by October 31, 2012.  Rule 26(a)(2(D)(i) of the Federal Rules of Civil Procedure provides that affirmative expert disclosures shall take place "90 days before the date <u>set for trial</u> or for the case to be ready for trial."  (Emphasis added.)  And, LR 26-1(e)(3) of the Local Rules for the U.S. District Court for the District of Nevada requires that affirmative expert disclosures be made "60 <u>days before t</u>he discovery cut-off date" in a

3

particular case.  Although this case is not yet set for trial on the merits and these rules relate to scheduling a case prior to trial on the merits, the Scheduling Order, as proposed by the Parties and entered by the Court, applied these same guidelines to the pre-certification deadlines and therefore, requires the disclosure of class certification experts on June 14, 2012 and contemplates a pre-certification discovery cut-off 60 days thereafter, on August 14, 2012.

Defendant requires additional time to make its class certification expert disclosures. The undersigned counsel was preparing for and then in trial during the first 2.5 months of 2012. Thereafter, Defendant's counsel was engaged in responding to Plaintiff's extensive and thorough discovery requests.  Defendant's investigation and consideration of the merits of class certification in this matter is ongoing. Defendant is in the process of collecting and reviewing all relevant information, including internal documents, related to class certification and is considering the retention of specific expert witnesses. Defendant's retained expert witnesses will require time to review relevant documents, consider the issues and prepare their written reports.

Defendant respectfully requests a 30 day extension of the deadline for expert witness disclosures in this case up to and including July 13, 2012. This Court may, in its discretion, modify the discovery schedule in this case in order to control its docket.  *See e.g. Adams v. California Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("district courts retain broad discretion to control their dockets"). The parties have discussed this matter. Plaintiff does not object to Defendant's request for additional time to make expert disclosures. However, Plaintiff and Defendant agree that it would be best to request an approximately 30 day extension of all of the other pre-class certification deadlines in this case in order to accommodate Defendant's request for an extension of time to disclose class certification experts.

4

This is the parties' first request for extension of these deadlines. The relief sought herein is not made for the purpose of delay or for any other improper purpose. All parties agree to the extension sought herein, and no party will be prejudiced by the relief sought herein. Defendant is aware that pursuant to LR 26-4 an extension of time should be filed within 21 days of the deadline. Defendant was unable to file this motion last Friday because it took some time to confer and finalize the stipulation with opposing counsel. Additionally, this motion is just one business day late because of the Memorial Day holiday.

**V.     Proposed Schedule.**

| | |
|---|---|
| Deadline to Amend Pleadings or to Add Parties: | July 13, 2012 |
| Deadline to File Interim Status Report: | July 13, 2012 |
| Deadline to Disclose Class Certification Experts: | July 13, 2012 |
| Deadline to Disclose Rebuttal Experts on Class Certification: | August 13, 2012 |
| Deadline to Seek Extension of Pre-Certification Discovery Deadlines: | August 24, 2012 |
| Pre-Certification Discovery Cut-Off: | Sept. 14, 2012 |
| Plaintiff's Motion for Class Certification: | October 12, 2012 |
| Defendant's Response to Motion for Class Certification: | November 9, 2012 |
| Plaintiff's Reply in Support of Motion for Class Cert.: | Nov. 23, 2012 |

///

///

///

///

///

///

///

WHEREFORE, Defendant respectfully requests approximately 30 day extensions of all deadlines set in this matter.

RESPECTFULLY SUBMITTED this 29th day of May, 2012.

| DAVIS GRAHAM & STUBBS LLP | JESSE SBAIH & ASSOCIATES, LTD. |
|---|---|
| By:/s/ Janette Ferguson<br>Janette L Ferguson, Esq. admitted pro hac<br>1550 Seventeenth Street<br>Denver, Colorado 80202 | By:   /s/ Jesse M. Sbaih<br>Jesse M. Sbaih, Esq.<br>The District at Green Valley Ranch<br>170 South Green Valley Parkway, Suite 280<br>Henderson, Nevada 89012 |
| DARREN T. BRENNER<br>Nevada Bar No. 8386<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada  89169<br>Telephone: (702) 949-8200<br>Facsimile: (702) 949-8398 | *Attorneys for Plaintiff* |

*Attorneys for Defendant*

## ORDER

IT IS SO ORDERED.

Dated: __May 30_____, 2012.

_____
U.S. DISTRICT COURT JUDGE/MAGISTRATE

6