UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAYANANANDA RATNAYAKE, individually, and on behalf others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE d/b/a FARMERS; and DOES I – V and ROES VI – X, inclusive,<br><br>Defendant. | Case No. 2:11-cv-01668-APG-CWH<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>(Dkt. No. 46) |

Plaintiff Nayanananda Ratnayake alleges that defendant Farmers Insurance Exchange: (1) has not provided some of its customers with a specific premium discount required by Nevada law, and (2) has not allowed some of its customers to stack their under-insured motorist policies as required by Nevada law.

Ratnayake seeks to certify three subclasses against Farmers: the first two asserting the premium-discount claim, the third asserting the policy-stacking claim. In their papers, the parties argue extensively about whether the class certification factors are met. But the parties do not address the threshold issue of whether Ratnayake's substantive claims are ripe for review. The Nevada Department of Insurance ("NDI") appears to have exclusive jurisdiction over Farmer's alleged failure to provide the premium discounts required by Nevada law. Addressing class certification when some, or all, of the class claims may not be ripe for review is a waste of judicial and party resources. The parties are to provide supplemental briefing on whether Ratnayake's claims must be brought before the NDI.

## I. BACKGROUND

Anti-stacking provisions in insurance policies prevent insureds from combining their coverage limits on separate policies or automobiles. NRS 687B.145(1) prevents insurers from including these anti-stacking provisions if the insured has paid for coverage of the same risk under multiple policies. The statute recognizes that if an insured has paid for coverage of the same risk more than once, she should be permitted to collect under each of the policies. Nevada case law provides an exception: an insurer may include an anti-stacking provision if it discounts overlapping policies so that customers are not double-charged for the same risk.[1] If the insurer does not sufficiently discount the overlapping policies, insureds may stack their coverage.

On a regular basis, insurers submit their proposed premium rates and discounts to the NDI for approval.[2] In 1993, the NDI issued an Order approving Farmer's uninsured-motorist, multi-car ("UMMC") premium discount of 28%.[3] This 28% discount was meant, in part, to comply with NRS 687B.145 by ensuring customers were given a sufficient discount on overlapping UMMC premiums so they were not double-charged for overlapping coverage.[4]

Farmers has continued to submit its proposed rates and discounts to the NDI. Farmers reported a discount rate of 18%-35% to the NDI in 2006, and a rate of 23% in 2008.[5] Farmers alleges that until 2008 it provided an average UMMC discount of 28%, and an average of at least 23% after 2008.[6]

Plaintiff now moves to certify three subclasses in this class action against Farmers. All three involve insureds with overlapping policies that contain anti-stacking provisions. Subclass A consists of insureds who allegedly received no discount; Subclass B consists of insureds who

---

[1] *Serrett v. Kimber,* 110 Nev. 486, 874 P.2d 747, 751 (1994).

[2] N.R.S. 690B.031(3) ("The Commissioner shall review and approve or disapprove each policy of insurance that offers a reduction in the premiums provided for in this section.").

[3] (Dkt. # 46, Exh. 3.)

[4] (*Id.* at Exh. 4.)

[5] (Dkt. #48, Exh. A.)

[6] (*Id.*)

allegedly received some, but not enough, discount; and Subclass C consists of insureds who actually filed a claim, but were not permitted to stack their policies despite that Farmers allegedly did not provide them with an adequate discount.

In their papers, the parties primarily argue whether the class certification factors are met.[7] Although Farmers alludes to an argument that the NDI is a "superior" forum, neither party properly addresses whether Ratnayake's claims should have been brought before the NDI.[8]

## II.    DISCUSSION

Ratnayake claims that Farmers did not provide sufficient discounts to customers whose policies had anti-stacking provisions, as required by NRS 687B.145 and an NDI Order.[9] Some or all of Ratnayake's claims do not appear ripe for determination.

The Nevada Insurance Code creates a comprehensive scheme of administrative regulation and enforcement. The Insurance Commissioner has authority to "[e]nforce the provisions of [the Nevada Insurance] Code"—including NRS 687B.145.[10] The Insurance Commissioner has "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in [Nevada]."[11] The NDI is permitted to hold hearings for any purpose within the scope of the Insurance Code,[12] and parties aggrieved by the NDI's decisions may seek judicial review.[13]

---

[7] (Dkt. #48.)

[8] (*Id.* at 22-23.) Farmers argues that the filed-rate doctrine weights against class certification, but it has not provided sufficient relevant authority in support of that argument.

[9] Ratnayake cites to data Farmers provided in support of its removal briefing, and appears to argue that it has already proven that Farmers violated NRS 687B.145 and the 1993 NDI order. But Ratnayake cannot prevail simply by superficially citing to Farmer's briefing. Farmers provided evidence establishing disputes about 1) what discounts it has provided to its various customers, 2) whether those discounts were improper, and 3) assuming Farmers did not provide a sufficient discount to prevent stacking, whether insureds may recover damages. (Dkt. #46, at 1-3.) In any event, I do not yet need to reach these issues given that some or all of Ratnayake's claims may not be ripe for review.

[10] NRS 679B.120(3).

[11] NRS 686A.015(1).

[12] NRS 679B.310(1).

[13] NRS 679B.370.

As a result of the Nevada Legislature's creation of the NDI's regulation and enforcement scheme, the Nevada Supreme Court has concluded that "the NDI has exclusive original jurisdiction over ... any matter in which ... a party seeks to ensure compliance with the Insurance Code."[14] A plaintiff's failure to pursue such a claim with the NDI renders the claim unripe and therefore nonjusticiable.[15] For example, where a plaintiff's allegations amounted to a claim that a medical provider did not comply with provisions of the Insurance Code, the NDI had exclusive jurisdiction over the claim.[16] Similarly, in *Rathnayake v. Farmers Ins. Exchange*, the plaintiff attempted to bring a class action alleging that Farmers had failed to provide certain premium discounts to its customers as required by NRS 690B.031.[17] The Court held that the plaintiff's claims amounted to an attempt to enforce the Insurance Code, and thus should have been brought before the NDI.

On the other hand, courts regularly address the question of whether an insured's contract has been breached by an insurer's failure to stack policies as required by NRS 687B.145(1). In these cases, rather than abstractly enforcing the insurance statutes against an insurer's business practices, the court is addressing a justiciable dispute about a contract between two parties.[18]

I see no reason to reach the certification arguments when a threshold justiciability issue may dispose of all or some of Ratnayake's claims.[19] Subclasses A and B appear to assert the same sort of enforcement claim at issue in *Thorpe* and *Rathnayake*. Subclass C, however, appears to assert claims related to individual contracts and may create issues ripe for determination.

---

[14] *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993–94 (Nev.2007); *Brown v. State Farm Fire & Cas. Co.*, 2:10-CV-01843-KJD, 2011 WL 2295162 (D. Nev. June 8, 2011); NRS 686A.015(1).

[15] *Thorpe*, 170 P.3d at 994.

[16] *Id.*

[17] *Rathnayake v. Farmers Ins. Exchange*, 2014 WL 3897960 (D. Nev. 2014).

[18] *See, e.g., Serrett v. Kimber*, 110 Nev. 486, 491, 874 P.2d 747, 751 (1994).

[19] *Potter v. Hughes*, 546 F.3d 1051, 1060 (9th Cir. 2008) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.").

### A. Subclasses A and B

The claims of proposed Subclasses A and B appear to be efforts to enforce the Nevada insurance statutes and the NDI's Order, and thus should be addressed by the NDI. As Plaintiff explains, "the core conflict to be resolved centers on whether Farmers complied with the 'premium requirement' of NRS 687B.145(1) and the Insurance Commissioner's July 1993 Order."[20] Plaintiff's proposed class definitions state the class members are insureds "who were not provided with [a sufficient] anti-stacking discount on their UM/UIM premiums . . . in violation of NRS 687B.145(1) and a July 19, 1993 Order by the Nevada Insurance Commissioner."[21] The classes challenge whether Farmers violated the NDI's Order and the insurance statutes, which appears to be within the NDI's exclusive enforcement jurisdiction.

Plaintiff provides no authority or analysis indicating these claims amount to anything more than an enforcement action. Every case cited by Ratnayake addresses adjudication of anti-stacking provisions in individual contracts; none allowed a plaintiff to enforce a premium regulation in the insurance code or an NDI Order.[22] The claims to be asserted by proposed classes A and B appear to raise issues unripe for determination.

### B. Subclass C claims

Subclass C, however, appears to raise justiciable claims arising out of the class members' individual contracts. The thrust of these claims is that the anti-stacking provisions in each class member's policies were voided by NRS 687B.145, and Farmers then breached the policies by failing to allow each insured to stack. Unlike claims challenging an insurer's practice of providing premium discounts, claims arising from specific insurance policies are frequently litigated by the courts in the first instance.[23] Subclass C appears to raise justiciable claims.

---

[20] (Dkt. # 46, at 5-6.)

[21] (Id.)

[22] (Id.)

[23] See, e.g., Serrett v. Kimber, 110 Nev. 486, 491, 874 P.2d 747, 751 (1994).

### III. CONCLUSION

Within 14 days of entry of this Order, the parties shall file a joint or separate briefs explaining whether and why they believe Ratnayake's claims present justiciable issues for me to resolve. If the parties disagree, they shall explain their respective positions (with supporting evidence), and explain what impact they believe that has on this case.

DATED THIS 11th day of December, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE